IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHITECTS & ENGINEERS FOR 9/11 TRUTH et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>GINA RAIMONDO, in her official capacity as Secretary of Commerce, et al.,<br><br>                Defendants. | No. 1:21-cv-2365 TNM |

**CONSENT MOTION TO EXCUSE DEFENDANTS' COMPLIANCE WITH LOCAL CIVIL RULE 7(n) WITH RESPECT TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to paragraph 13(B) of this Court's standing order, defendants Gina Raimondo, in her official capacity as Secretary of Commerce; Dr. James Olthoff, in his official capacity as Director, National Institute of Standards and Technology ("NIST"); and NIST (collectively, "Defendants") respectfully move to be excused from any obligation pursuant to Local Civil Rule 7(n) to file a certified list of the contents of the administrative record simultaneously with their dispositive motion to dismiss, filed today as ECF No. 11. Undersigned counsel conferred with counsel for Plaintiffs, and Plaintiffs consent to the relief requested in this motion.

An administrative record would not be useful in deciding Defendants' motion to dismiss. That motion argues that Plaintiffs' claims under the Administrative Procedure Act ("APA"), alleging violations of the Information Quality Act ("IQA") and the National Construction Safety Team ("NCST") Act, should be dismissed for lack of standing. Defendants' motion also argues in the alternative that Plaintiffs fail to state claims upon which relief can be granted because NIST's decisions under the IQA are committed to agency discretion by law and do not qualify as final

agency action subject to APA review; Plaintiffs' claim that NIST reports issued in 2008 violate the NCST Act is time-barred and also fails to challenge final agency action; and Plaintiffs' allegation that NIST violated its own IQA procedures relies on conclusory assertions that are not plausible based on the Complaint on its face and documents incorporated by reference therein. None of these arguments rely on or require the Court to review an administrative record. To the contrary, Defendants' arguments raise threshold questions regarding the Court's subject matter jurisdiction and the availability of APA review in this case that should be decided before an administrative record, or a certified list of its contents, is required. Accordingly, Defendants respectfully request that they not be required to file a certified list of the contents of any administrative record at this time.

December 23, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC   20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*