# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:21−cv−02365−TNM</u>

| | |
|---|---|
| ARCHITECTS & ENGINEERS FOR 9/11 TRUTH et al v. RAIMONDO et al | Date Filed: 09/07/2021 |
| | Date Terminated: 08/02/2022 |
| Assigned to: Judge Trevor N. McFadden | Jury Demand: None |
| Cause: 05:702 Administrative Procedure Act | Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **ARCHITECTS & ENGINEERS FOR 9/11 TRUTH** | represented by | **Mick G. Harrison** |
| | | Mick G. Harrison, ESQ. |
| | | 520 S. Walnut Street |
| | | 520 S. Walnut Street |
| | | Suite 1147 |
| | | Bloomington, IN 47402 |
| | | 812−361−6220 |
| | | Fax: 812−233−3135 |
| | | Email: <u>mickharrisonesq@gmail.com</u> |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **John M. Clifford** |
| | | CLIFFORD & GARDE LLP |
| | | 815 Black Lives Matter Plaza, N.W. |
| | | Suite 4082 |
| | | Washington, DC 20006 |
| | | 202−280−6115 |
| | | Fax: 202−789−0101 |
| | | Email: <u>jclifford@cliffordgarde.com</u> |
| | | *ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **MATT CAMPBELL** | represented by | **Mick G. Harrison** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **John M. Clifford** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

**DIANA HETZEL**                    represented by   **Mick G. Harrison**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John M. Clifford**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROBERT MCILVAINE**                represented by   **Mick G. Harrison**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John M. Clifford**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**HELEN MCILVAINE**                 represented by   **Mick G. Harrison**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John M. Clifford**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DREW DEPALMA**                    represented by   **Mick G. Harrison**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John M. Clifford**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**BARBARA**                         represented by   **Mick G. Harrison**
**KRUKOWSKI−RASTELLI**                               (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

John M. Clifford
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KATHLEEN PAPA**                           represented by    **Mick G. Harrison**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John M. Clifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FRANCINE SCOCOZZO**                       represented by    **Mick G. Harrison**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John M. Clifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LYNN AFFLECK**                            represented by    **Mick G. Harrison**
*PE*                                                          (See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John M. Clifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIAM BRINNIER**                        represented by    **Mick G. Harrison**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John M. Clifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RONALD H. BROOKMAN**                      represented by

**Mick G. Harrison**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John M. Clifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

CHARLES MICHAEL HENRY                represented by    **Mick G. Harrison**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **John M. Clifford**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

PETER KOSMOSKI                       represented by    **Mick G. Harrison**
*PE*                                                  (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **John M. Clifford**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

SETH MCVEY                           represented by    **Mick G. Harrison**
*PE*                                                  (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **John M. Clifford**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

JUSTIN MYERS                         represented by    **Mick G. Harrison**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

**John M. Clifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KAMAL OBEID**                 represented by   **Mick G. Harrison**
*SE*                                             (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **John M. Clifford**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DAVID A. PARKER**             represented by   **Mick G. Harrison**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **John M. Clifford**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIAM PREVATEL**            represented by   **Mick G. Harrison**
*AIA*                                            (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **John M. Clifford**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALL PLAINTIFFS**              represented by   **John M. Clifford**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Mick G. Harrison**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GINA M. RAIMONDO**
*in her official capacity as Secretary of Commerce*

represented by **Kathryn L. Wyer**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 616−8475
Fax: (202) 616−8470
Email: kathryn.wyer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAMES OLTHOFF**
*Dr.; in his official capacity as Director of the National Institute for Standards and Technology*

represented by **Kathryn L. Wyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY**

represented by **Kathryn L. Wyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/07/2021 | 1 | | COMPLAINT against NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO ( Filing fee $ 402 receipt number ADCDC−8715119) filed by ALL PLAINTIFFS. (Attachments: # 1 Civil Cover Sheet, # 2 Summons to Secretary of Commerce Gina Raimondo, # 3 Summons to NIST Director Olthoff, # 4 Summons to NIST)(Clifford, John) Modified on 9/10/2021 to edit docket text (znmg). (Entered: 09/07/2021) |
| 09/07/2021 | 2 | | ENTERED IN ERROR..... MOTION for Leave to Appear Pro Hac Vice : Attorney Name− Mick G. Harrison, Filing fee $ 100, receipt number ADCDC−8715628. Fee Status: Fee Paid. by ALL PLAINTIFFS. (Attachments: # 1 Declaration of Attorney Mick Harrison)(Harrison, Mick) Modified on 9/10/2021 to edit docket text (znmg). Modified on 9/13/2021 (znmw). (Entered: 09/07/2021) |
| 09/08/2021 | | | NOTICE OF ERROR re 1 Complaint; emailed to jclifford@cliffordgarde.com, cc'd 1 associated attorneys −− The PDF file you docketed contained errors: 1. Noncompliance with LCvR 5.1(c). Please file an errata correcting the initiating pleading to include the name & full residence address of each party using the event Errata., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmg, ) (Entered: 09/08/2021) |

| 09/08/2021 | 3 | | ERRATA *Corrected Complaint with Plaintiffs' addresses* by ALL PLAINTIFFS re 1 Complaint, filed by ALL PLAINTIFFS. (Clifford, John) Modified on 9/10/2021 to edit docket text (znmg). (Entered: 09/08/2021) |
|---|---|---|---|
| 09/10/2021 | | | Case Assigned to Judge Trevor N. McFadden. (znmg) (Entered: 09/10/2021) |
| 09/10/2021 | 4 | | STANDING ORDER Establishing Procedures for Cases Before Judge Trevor N. McFadden. The parties are hereby ORDERED to read and comply with the directives in the attached standing order. Signed by Judge Trevor N. McFadden on 9/10/2021. (lctnm2) (Entered: 09/10/2021) |
| 09/13/2021 | | | NOTICE OF CORRECTED DOCKET ENTRY: Docket Entry 2 MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Mick G. Harrison was entered in error (invalid login/signature); motion must be filed by sponsoring attorney.(znmw) (Entered: 09/13/2021) |
| 09/13/2021 | 5 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Mick Harrison, Filing fee $ 100, receipt number ADCDC−8727350. Fee Status: Fee Paid. by ALL PLAINTIFFS. (Attachments: # 1 Affidavit)(Clifford, John) (Entered: 09/13/2021) |
| 09/13/2021 | 6 | | SUMMONS (3) Issued Electronically as to All Defendants. (Attachment: # 1 Notice and Consent)(znmg) (Entered: 09/13/2021) |
| 09/13/2021 | | | MINUTE ORDER granting 5 Motion for Leave to Appear *Pro Hac Vice*. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click here for instructions. Signed by Judge Trevor N. McFadden on 9/13/2021. (lctnm2) (Entered: 09/13/2021) |
| 09/13/2021 | 7 | | NOTICE of Appearance by Mick G. Harrison on behalf of All Plaintiffs (Harrison, Mick) (Entered: 09/13/2021) |
| 11/08/2021 | | | MINUTE ORDER. Plaintiffs filed the Complaint in this action on September 7, 2021. As of the date of this Order, the public docket reflects that Plaintiffs have yet to file proof of service of each Defendant. The Court directs Plaintiffs' attention to Federal Rule of Civil Procedure 4(m) and Local Civil Rule 5.3. It is hereby ORDERED that, by no later than December 6, 2021, Plaintiffs must either cause process to be served upon each Defendant and file proof of service with the Court or establish good cause for the failure to do so. Failure to make such filings will result in dismissal of this case. SO ORDERED. Signed by Judge Trevor N. McFadden on 11/8/2021. (lctnm2) (Entered: 11/08/2021) |
| 11/10/2021 | | | Set/Reset Deadlines: Plaintiffs' proof of service due by 12/6/2021. (hmc) (Entered: 11/10/2021) |
| 11/18/2021 | 8 | | NOTICE of Appearance by Kathryn L. Wyer on behalf of NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO (Wyer, Kathryn) (Entered: 11/18/2021) |
| 11/18/2021 | 9 | | Consent MOTION for Extension of Time to File Answer re 3 Errata *or Otherwise Respond*, Consent MOTION for Briefing Schedule by NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO. (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 11/18/2021) |
| 11/18/2021 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER granting 9 Consent Motion for Extension of Time and for Briefing Schedule. Defendants' Motion to Dismiss the 3 Complaint will be due by December 23, 2021; Plaintiffs' opposition will be due by January 31, 2022; and Defendants' Reply will be due by February 17, 2022. SO ORDERED. Signed by Judge Trevor N. McFadden on 11/18/21. (lctnm2) (Entered: 11/18/2021) |
| 11/19/2021 | | | Set/Reset Deadlines: Defendants' Motion to Dismiss due by 12/23/2021. Plaintiffs' opposition due by 1/31/2022. Defendants' reply due by 2/17/2022. (hmc) (Entered: 11/19/2021) |
| 12/06/2021 | 10 | | DECLARATION *of Counsel for Proof of Service* by ALL PLAINTIFFS re Order,,. (Attachments: # 1 Exhibit 1 Postal Service Proof of Delivery and Tracking for Service of Summons, # 2 Exhibit 2 Summons served)(Harrison, Mick) (Entered: 12/06/2021) |
| 12/23/2021 | 11 | | MOTION to Dismiss by NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A − NIST IQA Guidelines, # 3 Text of Proposed Order)(Wyer, Kathryn) (Entered: 12/23/2021) |
| 12/23/2021 | 12 | | Consent MOTION To Excuse Compliance with Local Rule 7(n) by NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO. (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 12/23/2021) |
| 12/23/2021 | | | MINUTE ORDER grants 12 Consent Motion to Excuse Compliance with LCvR 7(n). Defendants need not file a certified list of the contents of the administrative record. SO ORDERED. Signed by Judge Trevor N. McFadden on 12/23/21. (lctnm2) (Entered: 12/23/2021) |
| 01/12/2022 | 13 | | Consent MOTION for Briefing Schedule *on Motion to Dismiss First Amended Complaint* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Harrison, Mick) (Entered: 01/12/2022) |
| 01/12/2022 | | | MINUTE ORDER granting in part 13 Consent Motion for Briefing Schedule. Plaintiffs shall file their amended complaint by January 31, 2022. Defendants shall file by March 11, 2022 their motion to dismiss that complaint. Plaintiffs' opposition will be due by April 11, 2022, and Defendants' reply will be due by April 25, 2022. Given this new schedule, the Court denies as moot Defendants' 11 Motion to Dismiss. SO ORDERED. Signed by Judge Trevor N. McFadden on 1/12/22. (lctnm2) (Entered: 01/12/2022) |
| 01/13/2022 | | | Set/Reset Deadlines: Amended Complaint due by 1/31/2022. Motion to dismiss due by 3/11/2022. Opposition due by 4/11/2022. Reply due by 4/25/2022. (hmc) (Entered: 01/13/2022) |
| 01/31/2022 | 14 | | AMENDED COMPLAINT against All Defendants filed by ALL PLAINTIFFS. (Attachments: # 1 Exhibit 1 Declaration of Roland Angle, # 2 Exhibit 2 Declaration of Robert McILvaine, # 3 Exhibit 3 Declaration of Ronald Brookman)(Harrison, Mick) (Entered: 01/31/2022) |
| 01/31/2022 | 15 | | Supplement re 14 AMENDED COMPLAINT *Standing Order Redline Version* against All Defendants filed by ALL PLAINTIFFS.(Harrison, Mick) Modified docket event/text on 2/4/2022 (zeg). (Entered: 01/31/2022) |

| | | | |
|---|---|---|---|
| 02/08/2022 | 16 | | LEAVE TO FILE DENIED− This document is unavailable as the Court denied its filing. "Leave to file DENIED". Signed by Judge Trevor N. McFadden on 2/8/2022. (zeg) (Entered: 02/08/2022) |
| 03/11/2022 | 17 | | MOTION to Dismiss by NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A − NIST IQA Guidelines, # 3 Text of Proposed Order)(Wyer, Kathryn) (Entered: 03/11/2022) |
| 03/11/2022 | 18 | | Consent MOTION To Excuse Compliance with Local Rule 7(n) by NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO. (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 03/11/2022) |
| 03/11/2022 | | | MINUTE ORDER granting 18 Consent Motion to Excuse Compliance with LCvR 7(n). Defendants need not file a certified list of the contents of the administrative record unless later ordered by the Court. SO ORDERED. Signed by Judge Trevor N. McFadden on 3/11/22. (lctnm2) (Entered: 03/11/2022) |
| 04/11/2022 | 19 | | Memorandum in opposition to re 17 MOTION to Dismiss filed by ALL PLAINTIFFS. (Harrison, Mick) (Entered: 04/11/2022) |
| 04/15/2022 | 20 | | Consent MOTION for Extension of Time to File Response/Reply as to 17 MOTION to Dismiss by NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO. (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 04/15/2022) |
| 04/15/2022 | | | MINUTE ORDER granting 20 Consent Motion for Extension of Time. Defendants reply is due by May 2, 2022. SO ORDERED. Signed by Judge Trevor N. McFadden on 4/15/22. (lctnm2) (Entered: 04/15/2022) |
| 04/15/2022 | | | Set/Reset Deadlines: Reply due by 5/2/2022. (hmc) (Entered: 04/15/2022) |
| 05/02/2022 | 21 | | REPLY to opposition to motion re 17 MOTION to Dismiss filed by NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, JAMES OLTHOFF, GINA M. RAIMONDO. (Wyer, Kathryn) (Entered: 05/02/2022) |
| 08/02/2022 | 22 | | MEMORANDUM OPINION re Defendants' 17 Motion to Dismiss. Signed by Judge Trevor N. McFadden on 8/2/22. (lctnm2) (Entered: 08/02/2022) |
| 08/02/2022 | 23 | | ORDER granting Defendants' 17 Motion to Dismiss. See attached Order for details. Signed by Judge Trevor N. McFadden on 8/2/22. (lctnm2) (Entered: 08/02/2022) |
| 10/03/2022 | 24 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 23 Order on Motion to Dismiss, 22 Memorandum & Opinion by LYNN AFFLECK, ARCHITECTS & ENGINEERS FOR 9/11 TRUTH, WILLIAM BRINNIER, RONALD H. BROOKMAN, MATT CAMPBELL, DREW DEPALMA, CHARLES MICHAEL HENRY, DIANA HETZEL, PETER KOSMOSKI, HELEN MCILVAINE, ROBERT MCILVAINE, SETH MCVEY, JUSTIN MYERS, KAMAL OBEID, KATHLEEN PAPA, DAVID A. PARKER, FRANCINE SCOCOZZO. Filing fee $ 505, receipt number ADCDC−9573206. Fee Status: Fee Paid. Parties have been notified. (Harrison, Mick) (Entered: 10/03/2022) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHITECTS & ENGINEERS FOR 9/11 TRUTH, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:21-cv-2365-TNM ) |
| GINA M. RAIMONDO, in her official capacity as Secretary of Commerce, et al. | ) ) ) ) |
| Defendants. | ) ) ) |

## **NOTICE OF APPEAL**

Notice is hereby given this 3rd day of October, 2022, that Plaintiffs Architects &
Engineers for 9/11 Truth, Robert McILvaine, Helen McILvaine, Matt Campbell, Diana Hetzel,
Kacee Papa, Drew DePalma, Francine Scocozzo, Justin Myers, Bill Brinnier, Ron Brookman,
Seth McVey, Mike Henry, Dave Parker, Peter Kosmoski, Kamal Obeid, and Lynn Affleck
hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from:

1) The final appealable Order of this Court entered on the 2nd day of August, 2022 (Doc.
23), in its entirety, which granted the Motion to Dismiss filed by (all) Defendants GINA M.
RAIMONDO, in her official capacity as Secretary of Commerce, DR. JAMES OLTHOFF, in his
official capacity as Director of the National Institute for Standards and Technology, and THE
NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY; and

2) The related Memorandum Opinion of this Court that accompanied the above
referenced Order, also entered on the 2nd day of August, 2022 (Doc. 22), in its entirety, which
concluded *inter alia* that Plaintiffs lack standing.

Respectfully submitted,


/s/ Mick G. Harrison
Mick G. Harrison, Attorney at Law
D.C. Circuit Bar No. 55038
520 S. Walnut Street, #1147
Bloomington, IN 47402
Tel. 812-361-6220
Eml. mickharrisonesq@gmail.com

Attorney for Plaintiffs-Appellants

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**ARCHITECTS & ENGINEERS FOR 9/11
TRUTH,** *et al.*,

          Plaintiffs,

          v.

**GINA M. RAIMONDO**, *in her official
capacity as Secretary of Commerce, et al.*,

          Defendants.

Case No. 1:21-cv-02365 (TNM)

---

## ORDER

Upon consideration of the pleadings, relevant law, related legal memoranda in opposition and support, and the entire record, for the reasons set forth in the accompanying Memorandum Opinion it is hereby

ORDERED that Defendants' [17] Motion to Dismiss is GRANTED.

**SO ORDERED**.

This is a final, appealable Order. The Clerk of Court is directed to close the case.

2022.08.02
07:48:51 -04'00'

Dated: August 2, 2022            TREVOR N. McFADDEN, U.S.D.J.

ARCHITECTS & ENGINEERS FOR 9/11
TRUTH, *et al.*,

         Plaintiffs,

         v.

GINA M. RAIMONDO, *in her official
capacity as Secretary of Commerce*, *et al.*,

         Defendants.

Case No. 1:21-cv-02365 (TNM)

## MEMORANDUM OPINION

Eighteen individuals and one organization claim that a government agency has incorrectly reported why a World Trade Center (WTC) building collapsed on 9/11. These claims echo their similar allegations that this Court dismissed two years ago for lack of standing. And one year ago, the Southern District of New York likewise dismissed similar claims from some of these Plaintiffs for lack of standing.

Not much changes here. Although Plaintiffs' claims look different, they suffer from the same infirmities as before. The Court will dismiss their claims for lack of standing.

### I.

Everyone knows that the Twin Towers collapsed on September 11, 2001. Less known is that a nearby 47-story building, known as WTC 7, collapsed later that day "without having been struck by an aircraft." Am. Compl. (Compl.) ¶ 93, ECF No. 14. In November 2008, an agency in the Department of Commerce (the Department) called the National Institutes of Standards and Technology (NIST) released three reports about the collapse of WTC 7 (collectively, the WTC 7

Report or the Report).[1]  NIST concluded that debris from the collapse of one Tower ignited fires in WTC 7, generating so much heat that a structural support inside the building collapsed.  *See* Compl. ¶ 126.  Plaintiffs disagree.  They believe that WTC 7 collapsed not from fire but from a "controlled demolition[,]" *id.* ¶ 94, involving "pre-placed explosives and/or incendiaries" in the building, *id.* ¶ 12.

One Plaintiff is Architects & Engineers for 9/11 Truth (Architects), a California nonprofit whose mission is "to establish the full truth surrounding the events of [9/11]."  *Id.* ¶ 10. Architects seeks to educate the public about the causes of the collapse and "has made hundreds of public presentations" to show that "pre-placed explosives and/or incendiaries" destroyed the WTC buildings.  *Id.* ¶ 12.  Eight Plaintiffs are relatives of those who died on 9/11, *see id.* ¶ 27– 52, though the collapse of WTC 7 "is not known to have directly caused the death of any" Plaintiff's family member, *id.* ¶ 123.  The other ten Plaintiffs are engineers and architects who have studied the 9/11 collapses.  *See id.* ¶¶ 54–67.

The legal background for this dispute begins with the Information Quality Act (IQA), *see* 44 U.S.C. § 3516 note, and then trickles downward into several agency regulations.  Passed in 2001, the IQA directed the Office of Management and Budget (OMB) to issue guidelines to federal agencies "for ensuring and maximizing the quality, objectivity, utility, and integrity of information" published by each agency.  *Id.*  Congress imposed some requirements for these guidelines.  As relevant here, OMB must require each agency to issue its own guidelines about information it publishes.  *See id.*  Each agency must also "establish administrative mechanisms

---

[1]  Links to these reports are available at https://www.nist.gov/world-trade-center-investigation/study-faqs/wtc-7-investigation.

allowing affected persons to seek and obtain correction" of any agency-published information that did not comply with the agency's own guidelines. *Id.*

OMB dutifully promulgated its guidelines in 2002. *See* Guidelines, 67 Fed. Reg. 8452 (Feb. 22, 2002). The Department followed suit later that year and delegated to its agencies the establishment of administrative mechanisms for IQA corrections. *See* Guidelines, 67 Fed. Reg. 62,685, 62,687 (Oct. 8, 2002).

NIST complied and issued guidelines of its own. *See* Mot. to Dismiss (MTD), Ex. A, ECF No. 17-2. These guidelines set forth an internal procedure for the review of NIST-published information, including peer reviews and stricter quality controls for information considered "influential." *Id.* at 13.[2] The guidelines also included a process for corrections to published information. An affected person "may request, where appropriate, timely correction of disseminated information that does not comply" with NIST's guidelines. *Id.* at 15. The requester bears the burden to show "the necessity and type of correction sought," *id.*, and to overcome a presumption that "influential" information is correct, *see id.* Properly submitted requests go to the Chief of the NIST unit responsible for the information. *See id.* at 16. The Chief will investigate and respond within 120 days. *See id.* at 18. A dissatisfied requester may appeal that ruling to NIST's Associate Director for Laboratory Programs, who decides whether to correct the information at issue. *See id.* at 19. His decision is final. *See id.*

Plaintiffs invoked this procedure. In April 2020, they filed a request for correction of NIST's WTC 7 Report and some FAQs about the investigation that NIST had published on its website. *See* Compl. ¶ 111. They challenged NIST's conclusion that fires caused the collapse and argued that "dispositive evidence" showed "the use of explosives and incendiaries" in the

---

[2] All page numbers refer to the pagination generated by the Court's CM/ECF filing system.

building.  *Id.* ¶ 113.  The relevant NIST Chief denied the request, *see id.* ¶ 114, as did the Associate Director on appeal, *see id.* ¶ 117.

Plaintiffs then sued NIST, its Director, and the Secretary of Commerce (collectively, the Secretary), arguing that NIST violated the Administrative Procedure Act and other federal laws when it denied the request for correction.  *See generally* Compl.  Across ten claims, Plaintiffs mainly assert that NIST failed in the Report to consider certain evidence or to make correct scientific and methodological judgments.  *See generally id.*  Plaintiffs also allege that these deficiencies violated the "spirit and purpose" of another federal law, *id.* ¶ 355, and that NIST failed to conform to its own procedural regulations, *see id.* ¶¶ 362–70.

The Secretary moves to dismiss the Complaint on various grounds, including under Rule 12(b)(1) for lack of standing.  *See* MTD, ECF No. 17-1.  That motion is now ripe for decision.

## II.

"[T]here is no justiciable case or controversy unless the plaintiff has standing."  *West v. Lynch*, 845 F.3d 1228, 1230 (D.C. Cir. 2017).  As the parties seeking federal jurisdiction, Plaintiffs bear the burden to show standing.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  They "must show (1) [they have] suffered a concrete and particularized injury (2) that is fairly traceable to the challenged action of the defendant[s] and (3) that is likely" redressable by a favorable decision from the Court.  *EPIC v. Pres. Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017) (cleaned up).

When ruling on a motion to dismiss under Rule 12(b)(1), the Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up).  The Court "may

4

consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Cal. Cattlemen's Ass'n v. U.S. Fish and Wildlife Serv.*, 315 F. Supp. 3d 282, 285 (D.D.C. 2018) (cleaned up). And the Court treats any documents attached to the Complaint—like Plaintiffs' three declarations attached to this Complaint—"as if they are part of the complaint." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005).

### III.

Plaintiffs allege that they have informational standing. *See* Opp'n to MTD at 16, ECF No. 19 (Opp'n). To have informational standing, Plaintiffs must suffer an informational injury. For that, they must allege (1) that they "[have] been deprived of information" that a statute requires NIST to disclose; and (2) that they suffer, "by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure." *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016). Any informational injury still must meet the traceability and redressability prongs of the traditional standing analysis. *See FEC v. Akins*, 524 U.S. 11, 25 (1998).

Architects also alleges that it has organizational standing. Organizations must meet the same three requirements as individuals—injury, traceability, and redressability. *See ASPCA v. Feld Ent'mt*, 659 F.3d 13, 24 (D.C. Cir. 2011).

### A.

Before applying those principles, however, consider the caselaw previewed above. Suffice it to say, Plaintiffs are familiar with dismissals for lack of standing.

In *Lawyers Committee for 9/11 Inquiry v. Wray*, a provision in an appropriations bill directed the FBI to review recommendations proposed by the 9/11 Commission. *See* 424 F. Supp. 3d 26, 28 (D.D.C. 2020) (*Lawyers' Comm. I*). Represented by the same attorneys as here,

the plaintiffs there included Architects and one of this case's individual Plaintiffs. *See id.* They alleged that the Bureau broke the law when it failed to report to Congress about evidence that pre-placed explosives had collapsed the Twin Towers. *See id.* at 29. The plaintiffs alleged that they had informational standing from the FBI's failure to report and that Architects had organizational standing. *See id.* at 30.

This Court held that the plaintiffs lacked informational standing because the appropriations provision did not "mandate the disclosure of any information." *Id.* at 31 (cleaned up). They therefore failed the first requirement for an informational injury. *See id.* The Court also found no organizational standing. Architects suggested multiple injuries, including a financial interest in a State Department award, expenses for studies and presentations to rebut the Bureau's report, and expenses to fight defamation of the group by agencies. *See id.* at 33. The Court found that these harms stemmed from the deprivation of information, meaning their viability "depend[ed] on the existence of an informational harm," which Architects had not shown. *Id.* at 34. And their resource expenditures were for litigation and advocacy not cognizable for organizational standing. *See id.* at 35. The Court thus dismissed the complaint. *See id.*

Plaintiffs appealed and the D.C. Circuit affirmed. *See Lawyers' Comm. for 9/11 Inquiry v. Wray*, 848 F. App'x 428, 431 (2021) (per curiam) (*Lawyers' Comm. II*). The Circuit held that the appropriations provision said "nothing about disclosure," and thus did not confer a right to information. *Id.* at 430. The Circuit also affirmed this Court's holding that the theories of organizational standing were "part and parcel of the alleged informational injury and thus fail with it." *Id.* at 431 (cleaned up). But in any event, those theories failed the standing analysis. *See id.*

Finally, Architects and two of this case's individual Plaintiffs sued in *Lawyers'*
*Committee for 9/11 Inquiry v. Barr*, No. 19 Civ. 8312, 2021 WL 1143618, at *1 (S.D.N.Y. Mar.
24, 2021), objecting to the U.S. Attorney's Office's inaction to a petition they filed about alleged
federal crimes on 9/11. *See id.* at *1. The plaintiffs asked the court to order the Office to present
the evidence in the petition to a grand jury. *See id.* at *3. Of relevance here, the court dismissed
three claims because the relevant statute did not grant a private right sufficient for standing nor
did the other asserted injuries—including a reward from the State Department and efforts to
combat alleged defamation—meet the requirements for standing. *See id.* at *6–*8.

**B.**

Plaintiffs' arguments fare no better here and indeed repackage unsuccessful arguments
from those earlier cases.

For starters, they again rely on assertions of informational injury. For instance, the
relatives of 9/11 victims say that they might reach "closure" if they had "a more complete picture
of what happened on 9/11." Compl. ¶ 46. This case will allow that closure, they say, "[i]f NIST
is required to correct its WTC 7 Report." *Id.* ¶ 53. In other words, NIST's allegedly incorrect
information keeps them from emotional closure. Likewise for the individual architects and
engineers, who "have suffered a special information injury," Opp'n at 22, because NIST's
alleged mistakes in the Report have "significantly eroded" their "trust in the research and
publishing institutions involved," Compl. ¶ 67. That alleged injury stems, as for the 9/11
relatives, from the information published by NIST. Architects is clearest of all Plaintiffs on its
informational injury—the Report "was more harmful to AE's mission than would have been the
case if NIST [had] issued no report at all." Compl. ¶ 22; *see also* Opp'n at 21 (asserting that the
Report "denied [Architects] and the other plaintiffs critically important information affecting

their individual and organizational interests"). So Plaintiffs come again to this Court with informational injuries.

And yet again, they identify no statute that requires the proposed disclosures. Consider first the IQA. By its terms, that statute required OMB to issue guidance and then other agencies to do likewise. *See* 44 U.S.C. § 3516 note. Nowhere does it require disclosure of information, so Plaintiffs fail the first prong for informational standing. Other courts agree. *See Salt Inst. v. Leavitt*, 440 F.3d 156, 159 (4th Cir. 2006); *Single Stick, Inc. v. Johanns*, 601 F. Supp. 2d 307, 316 (D.D.C. 2009), *aff'd in relevant part on other grounds sub nom. Prime Time Int'l Co. v. Vilsack*, 599 F.3d 678 (D.C. Cir. 2010).

To Plaintiffs' credit, they do not argue otherwise. They instead point to the National Construction Safety Act (NCST Act), 15 U.S.C. §§ 7301–7313, arguing that it "supplies the basis" for their standing "[w]hether or not" the IQA does. Opp'n at 21.

Passed in 2002, the NCST Act authorizes deployment of a NIST team after a building collapse "that has resulted in substantial loss of life." 15 U.S.C. § 7301(a). After an investigation, the team must issue a public report including "an analysis of the likely technical cause" of the collapse. *Id.* § 7307(1). The report also must contain the team's recommendations for (1) improvements to building standards, (2) changes to evacuation procedures; and (3) areas of further research. *See id.* § 7307(2)-(4). Any information submitted or received by the team "shall be made available to the public on request," but with some restrictions. *Id.* § 7306(a). The Act shields from disclosure any information exempt under FOIA. *See id.* § 7306(b)(1). More, the agency may withhold information when the NIST Director finds that disclosure "might jeopardize public safety." *Id.* § 7306(d).

Plaintiffs' theory is that NIST violated the NCST Act not because it failed to release a report, but because the WTC 7 Report was "at best an unscientific sham[ ] and likely fraudulent." Opp'n at 21. That is not enough. To assert an informational injury, Plaintiffs must be "deprived of information" required to be disclosed under the Act. *Jewell*, 828 F.3d at 992. Under its plain terms, the NCST Act requires disclosure only of a report on the technical cause of the collapse, among other things. *See* 15 U.S.C. § 7307. Plaintiffs admit that NIST complied with that requirement when it released the WTC 7 Report. *See* Compl. ¶ 89. That admission means that regardless of the Report's accuracy, NIST has disclosed all information required by the statute. As to the Report itself, then, Plaintiffs fail the first requirement for an informational injury.

So too for any information examined by NIST but not included in the final Report. At various points, Plaintiffs allege that NIST should "make public all of its WTC 7 computer modeling(s)," *id.* ¶ 370(D), and other "withheld evidence" that the team apparently examined, Opp'n at 25. To be sure, the NCST Act requires this information to be available to the public "on request." *See* 15 U.S.C. § 7306(a). Based on that requirement, Plaintiffs say that the NCST Act requires disclosure of the computer models and other evidence used by NIST.[3]

The problem is that under the Act NIST may disclose only information not otherwise exempt under FOIA. *See id.* § 7306(b)(1). Thus, Plaintiffs must use FOIA requests to obtain any investigation information not in the public Report, including the computer models. The NCST Act includes no other request procedure. *See Cole v. Copan*, No. 19-cv-1182, 2020 WL 7042814 (D.D.C. Nov. 30, 2020); *see also Cole v. Copan*, 485 F. Supp. 3d 243, 253 (D.D.C. 2020) (upholding under FOIA the nondisclosure of WTC investigation information that the NIST

---

[3] Plaintiffs never explicitly make this argument, but the Court infers it from Plaintiffs' focus on the NCST Act as "the basis" for their standing, Opp'n at 21, and multiple statements in their brief objecting to the withholding of NIST's modelling data.

Director determined would jeopardize public safety if disclosed). Indeed, at least one Plaintiff has filed such requests. *See* Compl. ¶¶ 58–60.

Plaintiffs fail the first prong as to this information if FOIA is their only recourse. FOIA "does not require the disclosure of any specific information to anyone," *Pub. Citizen Health Rsch. Grp. v. Pizzella*, 513 F. Supp. 3d 10, 20 (D.D.C. 2021), and therefore FOIA alone does not help Plaintiffs clear the first hurdle for informational standing, *see EPIC v. USPS*, No. 21-cv-2156, 2022 WL 888183, at *3 (D.D.C. Mar. 25, 2022). The NCST Act neither references nor incorporates any other disclosure regime or requirement.

Plaintiffs counter that the Court must "adopt Plaintiffs' interpretation" of the relevant statutes. Opp'n at 17. True enough, the Circuit says that a plaintiff must merely allege that "it has been deprived of information that, *on its interpretation*, a statute requires the government" to disclose. *Jewell*, 828 F.3d at 992 (emphasis added). But Plaintiffs disregard their prior appeal where the Circuit clarified that a "plaintiff's reading of a statute for informational standing purposes must at least be plausible." *Lawyers Comm. II*, 848 F. App'x at 430. Plaintiffs cannot avoid the first step by merely "asserting that a statute creates a cognizable interest in information." *Id.* (cleaned up). And as the Court has described, the text of the NCST Act makes Plaintiffs' reading here implausible.

In sum, Plaintiffs have not shown an informational injury.[4] NIST issued the report required by the NCST Act, and any other disclosure requirement in that Act runs through FOIA, which does not meet the first step for an informational injury.

---

[4] One claim might not be informational, but it still fails. Count X alleges that NIST's denial of the request for correction violated NIST guidelines for those corrections. *See* Compl. ¶¶ 362–69. Even so, that procedural error cannot confer standing absent some underlying concrete harm. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). Plaintiffs identify no injury beyond the deficient informational one.

**C.**

Now for organizational standing.  Architects puts forward similar theories of organizational standing as in *Lawyers' Committee I.  First,* it claims to have a "financial interest at stake" because it applied for an award under the State Department's Rewards for Justice Program.  Opp'n at 32.  That program provides rewards to individuals who provide information that leads to the arrest or conviction of terrorists.  *See* 22 U.S.C. § 2708(a)(3).  Architects believes that its application "would likely be successful" if NIST publishes a corrected report. *Id.  Second*, Architects asserts that, because of the inaccuracies in the Report, it spent its own resources on a study about the collapse of WTC 7.  *See id.* at 30–31.

As before, these theories "are part and parcel of the alleged informational injury and thus fail with it."  *Lawyers' Comm. II*, 848 F. App'x at 431 (cleaned up).  Each alleged harm stems from NIST's failure to disclose the correct information.  Indeed, Architects admits that "had NIST issued a report" with the right information, the engineering study "would have been unnecessary."  Compl. ¶ 19.  And any successful application to the State Department hinges on "a correction to [NIST's] WTC 7 Report."  Opp'n at 32.  So Architects yet again claims to have suffered harm "because [NIST] deprived [it] of information[.]"  *Lawyers Comm. I*, 424 F. Supp. 3d at 34.  "The viability of these other alleged harms thus depends on the existence of an informational harm[,]" which Architects has not shown.  *Id.*

In any event, these theories fail even if they do not depend on the informational injury. The D.C. Circuit has already rejected the argument that the State Department program provides standing.  Such a claim "rests on layers of speculation—that [NIST's] disclosure of additional evidence would lead to the prosecution of terrorists, which in turn would cause the State Department to exercise its discretion to provide [Architects] an award."  *Lawyers' Comm. II*, 848

F. App'x at 431.  This theory of standing "fails at the redressability prong."[5]  *Lawyers' Comm. I*, 424 F. Supp. 3d at 34.

The engineering study theory is likewise recycled.  Architects made the same argument before this Court in *Lawyers' Comm. I*.  *See id.* at 35.  The response there holds here.  Use of resources for "advocacy is not sufficient to give rise to an Article III injury."  *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015).  The point of the study here "seems to be advocacy—shedding light on what [Architects] believe[s] were the true causes of the September 11 attacks."  *Lawyers' Comm. I*, 424 F. Supp. 3d at 35.  Indeed, the CEO of Architects affirms that the study intended to "publicly critique" NIST's report, Decl. of Ronald Angle ¶ 11, ECF No. 14-1, and to "educate the public regarding the errors in NIST's findings," *id.* ¶ 12.  Those are classic descriptions of advocacy activities.

The Court need not rely, however, on its own reasoning.  The D.C. Circuit also rejected this argument on appeal, saying the study expenses "cannot plausibly be said to flow from the claimed unlawful conduct; they were instead a self-inflicted budgetary choice that cannot qualify as an injury in fact."  *Lawyers' Comm. II*, 848 F. App'x at 431 (cleaned up).  So too here.

Architects responds by pointing to *PETA v. USDA*, 797 F.3d 1087 (D.C. Cir. 2015).  There, the D.C. Circuit held that PETA, an animal-welfare organization, had standing to sue USDA over its failure to issue guidelines about treatment of birds.  *See id.* at 1091.  Under the applicable statute and regulations, the lack of guidelines meant (1) that PETA could not file complaints with USDA about bird mistreatment and (2) that USDA "was not creating bird-

---

[5]  Architects cites dicta from *Sargent v. Dixon*, 130 F.3d 1067, 1070 (D.C. Cir. 1997), to suggest that the possibility of reward gives them standing.  *See* Opp'n at 32–33.  The Court rejected this argument in the earlier case and does so again here for the same reasons.  *See Lawyers' Comm. I*, 424 F. Supp. 3d at 34–35; *see also Barr*, 2021 WL 1143618, at *8 (rejecting the same argument).

related inspection reports that PETA could use to raise public awareness." *Id.* The Circuit held that those two consequences were concrete enough to create an injury in fact. *See id.* at 1095.

Architects says that this case and *PETA* are "analogous." Opp'n at 24. The Court disagrees. As stated, Architects has not shown that the Secretary's actions caused a "denial of access" to information to which Plaintiffs were entitled. *PETA*, 797 F.3d at 1095. Indeed, NIST has released all information required by the statutes at issue. And Architects never alleges that NIST or the Department have closed off an avenue of redress the way that USDA did in *PETA*. The two cases are not analogous. *See Food & Water Watch*, 808 F.3d at 921 (distinguishing *PETA* on the same bases).

Architects fares no better when it says that this case, like *PETA*, involves "withholding information vital to a non-profit organization's mission." Opp'n at 23. Recall that the agency in *PETA* did withhold information, unlike the Secretary here. At bottom, then, Architects says only that it could not pursue its mission thanks to the Secretary's conduct. That is not enough for injury in fact. *See CREW v. U.S. Off. of Special Counsel*, 480 F. Supp. 3d 118, 129 (D.D.C. 2020).

More, the Court sees no conflict or impairment. The mission of Architects is "to establish the full truth surrounding the events of [9/11]," Compl. ¶ 10, by presenting evidence that "pre-placed explosives" destroyed the buildings on that day, *see id.* ¶ 12. Architects has pursued that mission since its founding in 2006, before the WTC 7 Report. *See id.* ¶ 9. Any attempt to re-examine or critique that report—which does not blame explosives—thus falls into what Architects must do to promote its self-proclaimed mission. Indeed, if education of the public about 9/11 includes technical evidence that explosives caused the collapses, Architects would flout that mission if it let the WTC 7 Report pass without critique. So, based on

Architects' own admission, its challenge of the Report *advances* the organization's mission rather than hinders it.

**IV.**

Plaintiffs have shown no reason for this Court to contradict the three decisions that have come before. As in those cases, Plaintiffs lack standing for their claims. The Court will therefore grant the Secretary's motion to dismiss. A separate order will issue.

2022.08.02
07:47:09 -04'00'

Dated: August 2, 2022                         TREVOR N. McFADDEN, U.S.D.J.